## In re FRANCISCO.

(District Court, N. D. New York. September 17, 1917.)

1. BANKRUPTCY ⊜⟶20(1)—PETITION—CONSENT.

Though the judge of the state court, 'on proceedings supplementary to execution, directed that one who subsequently became a bankrupt should not dispose of any funds in his hands, such person might for the institution of bankruptcy use funds exempt from execution, or with the consent of the owner funds in his possession belonging to another.

2. EVIDENCE ⊜⟶82—PRESUMPTIONS.

It will be presumed, where pending proceedings in the state court supplementary to execution the judgment debtor instituted voluntary proceedings in bankruptcy, that the state court, in determining whether the judgment debtor was guilty of contempt, will properly perform its duties.

3. BANKRUPTCY ⊜⟶20(1)—JURISDICTION—CONTEMPT.

While proceedings supplementary to execution were pending in the state court, the judgment debtor instituted voluntary proceedings in bankruptcy. He was adjudicated a bankrupt, and the judgment creditor, claiming that he had violated an order of the state court prohibiting him from disposing of his property, sought to continue the supplementary proceedings and to have the judgment debtor punished for contempt. *Held*, that the state court had jurisdiction to determine whether the debtor was guilty of contempt; it being his duty to obey the orders of such court until a stay should be granted by a court of competent jurisdiction, and a fine for contempt not being a debt dischargeable. Also *held*, the bankruptcy court can enjoin the party from further prosecuting the supplementary proceeding, except in so far as it relates to the punishment of a contempt committed therein prior to such bankruptcy.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. BANKRUPTCY ⟨key⟩20(1)—CUSTODY OF BANKRUPT—HABEAS CORPUS.**

In such case, as the presence of the judgment debtor in bankruptcy proceedings could be procured by habeas corpus, proceedings to punish him for contempt will not be stayed, on the ground that his presence in the bankruptcy court might be necessary, and that imprisonment would interfere with the proper conduct of such proceedings.

In Bankruptcy. In the matter of the bankruptcy of Charles L. Francisco. On order to show cause why further proceedings supplementary to execution on a judgment obtained in the state court prior to the filing of the petition in bankruptcy, including proceedings to punish the bankrupt for alleged contempt, should not be stayed until the question of discharge should be determined. Supplementary proceedings stayed, but order of stay denied as to proceedings to punish for contempt.

Hearing on order to show cause, granted by referee in bankruptcy, why further proceedings in proceedings supplementary to execution on a judgment obtained in the state court prior to the filing of the petition in bankruptcy, including proceedings to punish for alleged contempt of the state court, should not be stayed until the question of discharge is determined. The alleged contempt is claimed to have been committed prior to the institution of the bankruptcy proceedings. The plaintiff in the execution and judgment in the state court moves to vacate the temporary stay granted by the referee, and asks that the injunction prayed for be denied. The bankrupt asks that the temporary stay be made permanent, including the proceeding to punish the bankrupt for alleged contempt in disobeying the order of the state court enjoining the now bankrupt from disposing of any of his property.

William H. Lynes, of Delanson, N. Y., for bankrupt.
Thomas R. Tillott, Jr., of Schenectady, N. Y., for judgment creditor.

RAY, District Judge (after stating the facts as above). It appears from the papers in the case that Charles L. Francisco was adjudged a bankrupt on the 11th day of May, 1917. He was owing the International Milk Products Company, on a judgment obtained prior to the filing of the petition in bankruptcy, the sum of $224.73. This claim or judgment is one from which a discharge in bankruptcy would be a release. Prior to the filing of the petition in bankruptcy an execution had been returned unsatisfied, and proceedings supplementary to execution on such judgment had been commenced and were pending in the County Court of the county of Schenectady, N. Y., before the county judge of that county. The order of the county judge prohibited Francisco from disposing of any of his property, but notwithstanding such order, on filing his petition, in order to pay his attorney, he used some money which he had in his possession. A part of this money he claims, and files affidavits tending to show, did not belong to him at all, and the remainder the bankrupt claims, and files affidavits tending to show, was money earned and paid to him within the preceding 60 days for his personal services, and was his personal earnings, and exempt from the supplementary proceedings.

The judgment creditor in the execution claims that all of this money belonged to the bankrupt, and that he paid it to his attorney to institute the bankruptcy proceedings in defiance of the order of the county judge and in violation thereof.

[1, 2] It is plain that the bankrupt, with the consent of the owner thereof, had the right to use money in his possession which did not belong to him for the purpose of instituting the bankruptcy proceedings. It is also plain that the county judge of Schenectady county could not interfere with the use by the now bankrupt of money which was not subject to the order or jurisdiction of the county judge or County Court, but was absolutely exempt. It is presumed that the county judge will properly perform his duties, and see to it that no wrong is done the bankrupt in proceedings to punish him for contempt. It is a question for the county judge or County Court of Schenectady county to determine whether or not Francisco was guilty of a contempt of court. It is claimed in behalf of the now bankrupt that the proceeding supplementary to execution had run down and was not in force at the time the petition in bankruptcy was filed, but that is a question for the county judge to determine.

[3] This court in bankruptcy can enjoin further proceedings looking to the collection of the judgment from the property of the bankrupt, and can enjoin further examination of the now bankrupt in such proceeding; but I do not think this court in bankruptcy has any power to enjoin a proceeding in the County Court of Schenectady county, or before the county judge of that county, to punish Francisco for an alleged contempt of that court committed by him prior to the institution of the proceedings in bankruptcy. Up to the time the bankruptcy proceedings were instituted it was the duty of the bankrupt to obey all lawful orders of the County Court, or of the county judge. Unless a stay was granted by some court of competent jurisdiction, it was the duty of the now bankrupt to obey such lawful orders, even after the bankruptcy proceedings were instituted. Here there is no claim that the alleged contempt was committed after the institution of the bankruptcy proceedings. The claim is that the alleged contempt was committed before that time. A fine imposed for alleged contempt, if contempt is found, would not be a debt dischargeable in bankruptcy.

I think the order of the referee enjoining further proceedings in the proceedings supplementary to execution, so far as it enjoins punishment for contempt of court, if any, committed before the institution of the bankruptcy proceedings, should be vacated, and the application for an injunction or order restraining such a proceeding should be denied. The plaintiff in that execution and judgment should be enjoined from taking further or other proceedings under such order or in such proceeding for the collection of the debt, as the claimant may prove his claim and share with the other creditors. Punishment for the contempt of court, if any, is another matter, and a question to be passed upon by the county judge, with all the facts before him. The County Court will be able to determine whether or not there was a contempt, and whether or not it was willful, and what punishment, if any, should be imposed, if Francisco is found guilty. There will be an order enjoining and staying the International Milk Products Company, its agents and servants, and all other persons, from taking further proceedings in the proceeding supplementary to execution, except in so far as it relates to an application to the county judge or County Court to punish Fran-

cisco for a contempt committed prior to the institution of the bankruptcy proceedings.

[4] It is contended that, if the bankrupt is found guilty of and punished for the alleged contempt, it will interfere with the proper conduct of the bankruptcy proceedings. I cannot see that it will have this effect. If the bankrupt is found guilty of a contempt and punished by fine or imprisonment, this court has ample power by writ of habeas corpus to bring the alleged bankrupt before the court in case he is imprisoned.

There will be an order accordingly.

---

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes