## In re KANE.
### No. 244.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

Sydney H. Palmer, of Jamaica, N. Y., for creditor-appellant.

Harold L. Turk, of Brooklyn, N. Y., for bankrupt-appellant.

Garfield & Seligson, of New York City (M. V. Seligson and G. B. Garfield, both of New York City, of counsel), for creditor-respondent.

Before L. HAND, CHASE, and MACK, Circuit Judges.

MACK, Circuit Judge.

On petition of one Sondak, filed in the Supreme Court of the state of New York, appellant Kane was required to show cause why he should not be required to pay $3,060, with interest, alleged by the petition to have been delivered to him as petitioner's attorney, and to have been converted by him to his own use. On July 25, 1930, the order entered thereon granting the motion and directing the payment over of the money with interest recited that Kane had appeared in person but had failed to oppose the application. Kane was adjudicated a bankrupt on the same day.

On further motion of Sondak and on order to show cause personally served on Kane, who did not appear in opposition thereto, the court found that he had willfully refused to comply with the earlier order, thereby impairing the petitioner's right to the amount specified. For Kane's misconduct and disobedience and neglect and refusal to comply with the judgment, he was ordered fined the sum of $3,060 and committed to jail, charged with contempt, until he should have paid such sum to the petitioner.

Appellant Mercogliano, alleging himself to be a creditor of Kane, filed a petition in the bankruptcy court reciting that Sondak's claim was dischargeable in bankruptcy, and that if, pursuant to the order, bankrupt paid the $3,060, a preference in Sondak's favor would be created, and that, should Sondak be able to enforce the payment, he would receive a preference over all other creditors, contrary to the Bankruptcy Act (section 60 [11 USCA § 96]).

Reciting further that, if the sheriff should execute the state court order, the bankrupt, to avoid incarceration might pay such sum to the sheriff, and such payment, if so made, would deplete the bankrupt's estate and create a preference in Sondak's favor, and that no trustee in bankruptcy had been elect-

ed, petitioner prayed for an order directing the bankrupt and Sondak to show cause why they should not be restrained from paying the $3,060 out of the bankrupt's funds, and why the sheriff and Sondak should not be restrained from taking any further steps in connection with any orders of the state court in the matter.

Affidavits of bankrupt and of other of his alleged creditors were subsequently filed in support of the motion.

The opinion filed by the District Judge [1] states that the petition in the state court shows that the money was received by the bankrupt while acting in a fiduciary capacity, and that it would appear therefore that the claim is not dischargeable in bankruptcy; that the bankruptcy court would not go back of the proceeding had in the state court; that the bankrupt has been restrained from disposing of his assets; that in the affidavit filed by him no claim is made that he has any money in his possession. An order was thereupon entered denying the motion.

From that order Mercogliano, as an alleged creditor, appealed, and Kane, the bankrupt, joined therein.

■ 1. The order was entered upon a petition and motion made only by the alleged creditor, Mercogliano. Bankrupt was not a party thereto, unless it be as a respondent. As such he was successful, inasmuch as the motion was denied; apart therefrom, he has no standing, merely because he filed an affidavit in support of the motion. Mercogliano, whose motion was denied, is the only party in interest who could appeal from the order. Kane's appeal must therefore be dismissed.

■ 2. It appears from Kane's affidavit in support of the motion that a receiver had been appointed in the bankruptcy proceedings. If there were any danger that the bankrupt would take assets that should properly have been in the hands of the receiver and pay them under the state judgment or fine in order to avoid incarceration, the proper party to apply for an order restraining such a proceeding would be the receiver after his appointment, and not a creditor, unless indeed some grave emergency were shown, such as the inability or refusal of the receiver to act and the consequent danger to the assets of the estate. No such showing was made in the bankruptcy court, and for this reason, apart from all else, the motion should properly have been denied. Furthermore, it nowhere appears that the receiver had or was entitled to get any money or property or that there was any danger of depleting the bankruptcy estate.

■ 3. Nowhere does it appear that either the receiver or the bankrupt had in his possession any money that might have come to the bankrupt after the filing of the petition in bankruptcy. Property and moneys so acquired do not belong to his estate in bankruptcy, and are therefore not subject to the control of the bankruptcy court. The possibility that family or friends might be ready to raise money for a composition with or a payment to creditors, and that, to avert his arrest, they might instead be induced to give it to Sondak, affords no basis for the order prayed for. No legal wrong would be committed against his creditors in bankruptcy or his estate in bankruptcy, if, in this way, Sondak should obtain satisfaction of his judgment.

■ 4. It is clear on this record that no suggestion was made in the District Court to treat the motion as coming under section 9a(2) of the Bankruptcy Act, 11 USCA § 27(a) (2), and thus as one to prevent the arrest of the bankrupt on civil process on the ground that this might interfere with his proper attendance upon the bankruptcy court or the proper performance of the duties imposed upon him by the act.

Whether or not a creditor has such an interest as would enable him, instead of the bankrupt, to move in this respect, we need not now consider. For, in any event, there is no absolute immunity from arrest. Inasmuch as the court may impose terms such as the giving of a bond before granting such protection (In re Lewensohn [D. C.] 99 F. 73; affirmed [C. C. A.] 104 F. 1006), it would seem that the granting or withholding of such immunity and the terms, if any, to be imposed, are within the sound discretion of the bankruptcy court. Furthermore, under General Order XXX, 11 USCA § 53 (see In re Francisco [D. C.] 245 F. 216), the habeas corpus writ may well suffice to secure the presence of the bankrupt in so far as he may be needed in the course of the proceedings.

Appeal of Kane dismissed. Order affirmed.

---

[1] A memorandum.