IB CHR SONNESEN, Appellant, v. PANAMA TRANSPORT COMPANY, Respondent.

Argued October 11, 1948; decided November 24, 1948.

*Jacob Rassner* and *Robert Klonsky* for appellant. I. The reversal by the Appellate Division on the basis of the weight of evidence was without authority in law. (*Ruggiero* v. *Liberty Mut. Ins. Co.*, N. Y. L. J., Oct. 21, 1947; *Hust* v. *Moore-McCormack Lines*, 1947 AMC 1089; *Pariser* v. *City of New York*, 146 F. 2d 431; *Southern Ry. Co.* v. *Bennett*, 233 U. S. 80; *Herencia* v. *Guzman*, 219 U. S. 44; *Parsons* v. *Bedford*, 3 Pet. [U. S.] 433; *Slocum* v. *New York Life Ins. Co.*, 228 U. S. 364;

*Johnson* v. *Dierke Lumber & Coal Co.,* 130 F. 2d 115; *Minne-apolis & St. Louis R. R. Co.* v. *Winters,* 242 U. S. 353; *Davis* v. *Schwartz,* 155 U. S. 631; *United States* v. *United Shoe Mach. Co.,* 247 U. S. 32; *Barlow* v. *Pan Atlantic S. S. Corp.,* 101 F. 2d 697.) II. The weight of evidence in a maritime tort case is a matter of substantive law to be determined by the trier of the facts and consequently it is not a subject of review by an appellate court. (*Howard* v. *Louisiana & A. Ry. Co.,* 49 F. 2d 571; *Baltimore & Ohio R. R. Co.* v. *Groeger,* 266 U. S. 521; *Fairmount Glass Works* v. *Cub Fork Coal Co.,* 287 U. S. 474.) III. The facts constituted negligence, irrespective of whether a mistake of judgment was the proximate cause. (*The Governor,* 230 F. 857; *The Iroquois,* 194 U. S. 240; *The Svaeland,* 132 F. 932; *The C. S. Holmes,* 237 F. 785; *Morris* v. *United States,* 3 F. 2d 588; *The M. E. Luckenback,* 174 F. 265; *Cortes* v. *Baltimore Insular Line,* 287 U. S. 367; *The Point Fermin,* 70 F. 2d 602; *Stevens* v. *R. O'Brien & Co.,* 62 F. 2d 632; *North Alaska Salmon Co.* v. *Larsen,* 220 F. 93; *Riley* v. *Agwilines, Inc.,* 296 N. Y. 402; *Kuhn* v. *City of New York,* 274 N. Y. 118.) IV. Where the disease is caused or aggravated by service on the vessel, and the time is definitely fixed by medical experts as to when the best cure possible would be attained, then the seaman is entitled to a sum which would reasonably compensate him until he attains the best cure possible. (*Rey* v. *Colonial Nav. Co.,* 116 F. 2d 580; *Cortes* v. *Baltimore Insular Line,* 287 U. S. 367; *Morris* v. *United States,* 3 F: 2d 588; *The Korea Maru,* 254 F. 397; *Cresci* v. *Standard Fisheries,* 7 F. 2d 378.)

*Walter X. Connor* and *Vernon Sims Jones* for respondent. I. The Appellate Division has full power and authority to review questions involving maritime law and correctly dismissed plaintiff's suit for failure to prove a cause of action under any law. (*Baltimore & Carolina Line, Inc.,* v. *Redman,* 295 U. S. 654.) II. The Appellate Division had full power to set the verdict aside and order a new trial on the ground that it was against the weight of evidence. There is no Federal law which precludes the exercise of such power. (*John* v. *Paullin,* 231 U. S. 583; *Herb* v. *Pitcairn,* 324 U. S. 117; *Mahnich* v. *Southern S. S. Co.,* 321 U. S. 96; *Stokes* v. *United States,* 144 F. 2d 82.) III. Plaintiff failed to prove that any act or omission of the ship's personnel caused his tuberculosis or that

defendant failed to furnish proper and timely medical treatment. The Appellate Division correctly dismissed the complaint because of lack of evidence. (*De Zon* v. *American President Lines, Ltd.*, 318 U. S. 660; *Barlow* v. *Pan Atlantic S. S. Corp.*, 101 F. 2d 697; *The Van Der Duyn*, 261 F. 887; *Willey* v. *Alaska Packers' Assn.*, 18 F. 2d 8.) IV. Plaintiff failed to prove any right to future maintenance under the doctrine established by the United States Supreme Court, and the Appellate Division correctly held that there was no evidence to support a verdict for maintenance. (*Calmar S. S. Corp.* v. *Taylor*, 303 U. S. 525; *Lindgren* v. *Shepard S. S. Co.*, 108 F. 2d 806; *Harden* v. *Gordon*, 11 Fed. Cas. No. 6047; *Reed* v. *Canfield*, 20 Fed. Cas. No. 11641; *The Bouker No. 2*, 241 F. 831; *Marshall* v. *International Mercantile Marine Co.*, 39 F. 2d 551; *Stewart* v. *United States*, 25 F. 2d 869; *Stokes* v. *United States*, 144 F. 2d 82; *Bailey* v. *City of New York*, 153 F. 2d 427; *The Pochasset*, 295 F. 6; *The Saguache*, 112 F. 2d 482.)

DESMOND, J. In October, 1943, plaintiff, a young Danish seaman, then in apparent good health, signed articles at New York City for a voyage of not more than twelve months' duration in "worldwide trade" and "back to a final port of discharge in the UNITED STATES", on one of defendant's vessels. Defendant is a Panamanian corporation and its ships are registered under the laws of the Republic of Panama. On the outbound trip, which was through the Panama Canal and across the Pacific, plaintiff, according to some of the testimony, made repeated complaints to the ship's officers that he was ill. He was, however, kept at his duties. When the ship docked at the United States Naval base at Funafuti in the Ellice Islands in the South Pacific, an officer of the ship took plaintiff on board a United States Naval ship there stationed, to consult a Navy physician. That physician gave plaintiff such examination as the facilities of the place made possible, found some indications of, or suspected, tuberculosis, and recommended to the officer that plaintiff be hospitalized at the nearest port. The ship's officers, according to plaintiff's testimony at this trial, did not, even then, relieve him from deck duty, but kept him at work for some two weeks after leaving Funafuti. He was then ordered to bed aboard ship, and, when the ship reached the Panama Canal Zone, bound back

to the Atlantic, was sent to a hospital, and has ever since been confined to hospitals, suffering from tuberculosis. Medical opinion testimony offered by plaintiff was to the effect that the ship's officers had been guilty of bad practice toward plaintiff, which had aggravated his illness.

The complaint in the present suit, in which the above was testified to and apparently accepted by the jury, contained two alleged causes of action. The first count charged a negligent failure to furnish plaintiff prompt and proper medical attention, and sought recovery under the Jones Act (U. S. Code, tit. 46, § 688). The second count was for maintenance and cure. The verdict gave plaintiff damages on each count. The Appellate Division, as to the first cause of action, found it unnecessary to decide whether or not the Jones Act applied, the court stating that, whether that statute applied or not, a similar cause of action was available under the general maritime law, citing *Cortes* v. *Baltimore Insular Line* (287 U. S. 367), and that it was to be assumed that the laws of Panama are the same as ours in this respect. The Appellate Division, however, refused to allow a recovery on that first cause of action, but, reversing on the facts and the law, dismissed it on the law for failure of proof, holding that there had been proven, at most, no more than an error in judgment, but no negligence under the Jones Act and no breach of general maritime law. The second, or maintenance and cure, cause of action, also, was dismissed by the Appellate Division (likewise a reversal on the law and the facts, with a dismissal on the law), the court ruling that plaintiff had shown no present need for maintenance or cure beyond what he was now receiving without cost (in a marine hospital) and that there was no showing that he would need any other maintenance or cure in the immediate future, for any definitely ascertainable time. This dismissal was without prejudice to the later institution of another suit for maintenance and cure, if necessary.

We now take up those two causes of action separately.

We think the jury was justified, on the evidence, in finding that defendant's conduct toward plaintiff was wrongful and tortious (see *Scarff* v. *Metcalf*, 107 N. Y. 211; *Cortes* v. *Baltimore Insular Line, supra,* 287 U. S. at pp. 372–376) but we find no basis for applying the Jones Act to that wrong. That statute, setting up a right of action for seamen against shipowners

for negligence, has been made available even to sailors who were foreign nationals, in situations where there was some other element or elements justifying the coverage of this statute of the United States (see *Gerradin* v. *United Fruit Co.*, 60 F. 2d 927, certiorari denied 287 U. S. 642; *Gambera* v. *Bergoty*, 132 F. 2d 414, certiorari denied 319 U. S. 742; *Kyriakos* v. *Goulandris*, 151 F. 2d 132). But no case we know of goes so far as to bring within ·the protection of the Jones Act a seaman of foreign residence and nationality, suing a non-American shipowner for an alleged tort committed on a non-American ship on the high seas. In so concluding, we have not overlooked the bit of testimony that this tanker was under a time or voyage charter to the United States Navy; the complaint alleges, the answer admits, and all the proof is, that the operation and control was in defendant. Nor does the signing of articles in an American port bring American law into the case (*The Hanna Nielsen*, 273 F. 171).

The general rule of maritime law is that tort liability on the high seas is determined by the law of the flag (*O'Neill* v. *Cunard White Star*, 160 F. 2d 446; see *Resigno* v. *Jarka Co.*, 248 N. Y. 225, 230; Robinson on Admiralty, pp. 238–239), which, in this case, is the law of Panama. We agree with the Appellate Division that under American " general ", or decisional, maritime law, outside the Jones Act, there was, and is, recovery for a wrongful failure of the ship to give appropriate medical care while at sea (*Cortes* v. *Baltimore Insular Line, supra*; also *The Osceola*, 189 U. S. 158, and *The Iroquois*, 194 U. S. 240). But that law, like the Jones Act and for the same reason, is inappropriate in the present situation. We are not entitled to assume that the maritime law of Panama (a " civil law " country) is the same as ours, or as any part of ours (*Ozanic* v. *United States*, 165 F. 2d 738, 744). Furthermore, we do not think this an appropriate case in which, under section 344-a of the Civil Practice Act, to take judicial notice of the foreign law. Since the trial was on an erroneous theory, we, in the interests of justice, order a reversal and grant a new trial as to the first alleged cause of action.

As to the second cause of action, we agree with the Appellate Division that since plaintiff was, when the suit was tried, getting adequate care and being maintained at no cost to himself, and

since the proof did not show any likelihood of a change in those respects in the near future, the case would not seem to come within our American rules as to maintenance and cure (*Calmar S. S. Corp.* v. *Taylor,* 303 U. S. 525). The law of Panama may be about the same (see Rights of a Seaman on a Ship under Panamanian Registry, Berguido, 19 Temp. L. Q. 458). However, since a new trial must be granted as to the first cause of action, we think there should be a similar disposition as to the second.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE and FULD, JJ., concur.

Judgments reversed, etc.