### TAYLOR v. ATLANTIC MARITIME CO. et al.

### THE ATLANTIC AIR.

United States District Court
S. D. New York.
June 7, 1949.

Silas B. Axtell, New York City, attorney for plaintiff.

Reid, Cunningham & Freehill, New York City, attorneys for defendants appearing specially.

HULBERT, District Judge.

Defendant moves the Court to decline jurisdiction of this action, brought, according to the complaint, under the Jones Act, 46 U.S.C.Á. § 688, and under the "General Maritime Law of the United States." Because of the nature of the motion, the jurisdictional facts pleaded by the plaintiff will be quoted from the complaint:

"First: That the plaintiff is a resident of the City of New York, State of New York, of Panamanian nationality, and licensed as an able bodied seaman.

"Second: That the defendant Atlantic Maritime Company is a Panama Corporation, organized and existing under and by virtue of the laws of the Republic of Panama, doing business through its agent, S. Livanos & Co. with an office at No. 52 Broadway, Borough of Manhattan, City of New York.

"Third: That the defendant S. Livanos & Co. Inc. at and during all the times hereinafter mentioned, was and still is a foreign corporation, organized and existing under and by virtue of the laws of the Republic of Panama, acting as agent for the Atlantic Maritime Company, with an office and place of business at No. 52 Broadway, in the Borough of Manhattan, City of New York.

"Fourth: That at and during all the times hereinafter mentioned, the defendants owned, operated, managed and controlled the S. S. "Atlantic Air" a merchant vessel."

The plaintiff signed articles at Norfolk, Virginia, on August 7, 1947, as an able bodied seaman, at $120 a month, and continued in the employ of the defendants on the vessel "Atlantic Air" until November 1948. The complaint alleges "that in March 1948, particularly the 8th of March 1948, while in the employ of the defendants herein, he became very sick through no fault of his own, but entirely through the fault of the defendants, their agents, servants and employees, in failing to furnish him with a safe place in which to work, and to provide him with a safe and seaworthy vessel."

There are three counts in the complaint, the first for indemnity for illness—tuberculosis in which $75,000 is demanded; the second for alleged aggravation of illness, for which $75,000 is demanded; and the third for maintenance and cure, for which $75,000 is demanded.

A previous action brought by the plaintiff against the defendant S. Livanos & Co. Inc. has apparently been abandoned, (Civil 49-117). But in that action, the plaintiff was examined and testified according to an affidavit of one of defendant's attorneys that when he got to Cairo, Egypt, the defendant Atlantic Maritime Company, furnished him transportation by plane to New York, where he arrived on November 12, 1948. On the next day the company's agent told him he had orders for the plaintiff to go direct to Panama, but the plaintiff stated he did not want to go to Panama and would rather have hospitalization treatment here (in New York). The agent said that he could not do anything about that, that he had reservations for the plaintiff to go (to Panama) on the same day, which was Friday, but the plaintiff told him he could not go. The next day he met

"a couple of fellows" who recommended him to Mr. Axtell whom he consulted, and he entered the Marine Hospital on Ellis Island on November 16th, 1948. The affidavit of Mr. Cunningham further shows that the plaintiff testified on March 28th 1948:

"Q. Where is your home? A. Panama.

"Q. Whereabouts in Panama do you live? A. Just—the street is

"Q. What is the name of the town? A. Panama City."

There is nothing in the moving papers to indicate where the vessel which the plaintiff signed on went after leaving Norfolk, Virginia, but in a memorandum submitted by plaintiff's attorney, it is stated that when he signed on at Norfolk, he was apparently healthy, and that he contracted tuberculosis while employed on the vessel, and his condition became so bad, that he was sent to the hospital from the ship on August 20, 1948, at Sydney, Australia, and he arrived in New York (as before stated) November 12, 1948. He has a wife and children in Panama.

On the above facts, the motion must be granted.

The Jones Act does not afford protection to "a seaman of foreign residence and nationality, suing a non-American ship owner for an alleged tort committed on a non-American ship on the high seas." Sonnesen v. Panama Transport Co., 298 N.Y. 262, 82 N.E.2d 569, 570; cf. also O'Neill v. Cunard White Star, Ltd., 2 Cir., 160 F.2d 446, 1947 A.M.C. 505. The General Maritime Law of the United States is also not applicable to the facts of this case, but rather under familiar principles the law of the flag, viz. Panama, is the law that must be applied. Under these circumstances, this Court should not entertain jurisdiction of this action, but should relegate plaintiff to the appropriate forum in Panama.

Motion granted, without prejudice to plaintiff's bringing a new action in the appropriate forum

Settle order on notice.