### TAYLOR v. ATLANTIC MARITIME CO. et al.

#### No. 119, Docket 21498.

United States Court of Appeals Second Circuit.

Motion Submitted March 20, 1950.

Decided April 6, 1950.

substitution has been made, the clerk will enter an order, as before, reversing the judgment of dismissal of the district court and remanding the cause for further proceedings in accordance with our opinion of January 23, 1950.

■ We will not certify the question to the Supreme Court. We have not for many years certified questions except in cases where the point was involved in another appeal, already pending in that court. In view of the frequency with which we are asked to exercise this power, it may not be amiss to advise the bar that we can see no reason for imposing an appeal upon the Supreme Court, which it does not choose to take of its own motion, except in cases when no petition for certiorari is available to the aggrieved party. It is not for us to decide what matters are of enough importance to require decision by that court; the control of its docket should rest exclusively in its own hands.

———◆———

Vernon S. Jones, for the movant.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

■ The order of February 9, 1950, entered by the clerk of this court, which reversed the judgment of the district court, 86 F.Supp 496, and remanded the action for further proceedings in accordance with our opinion, 179 F.2d 597, was inadvertent and premature; and an order must go, vacating that order and reinstating the appeal in this court to await the substitution under Rule 9 of the proper successor. Considering the difficulties which the attorney for the plaintiff has already experienced in communicating with the parties in interest, we will allow until June 10, 1950, for such a substitution. If no substitution has taken place on or before that day, the clerk will enter an order dismissing the appeal, and the judgment of the district court will stand; if a