**Francisco ROMERO, Plaintiff,**

v.

**INTERNATIONAL TERMINAL OPERATING CO., Compania Transatlantica, also known as Spanish Line, Garcia & Diaz, Inc., and Quin Lumber Co., Inc., Defendants.**

United States District Court
S. D. New York.
June 15, 1956.

---

1. Howell v. Hiatt, 5 Cir., 199 F.2d 584.

2. Title 18 U.S.C. § 4205.

See also, D.C., 18 F.R.D. 317.

Narciso Puente, Jr., New York City, Silas B. Axtell, New York City, Charles A. Ellis, New York City, of counsel, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, John L. Quinlan, John B. Shields, New York City, of counsel, for defendants Compania Transatlantica, etc. and Garcia & Diaz, Inc.

John P. Smith,. New York City, Albert S. Commette, New York City, of counsel, for defendant International Terminal Operating Co.

William J. Kenney, New York City, Alexander & Ash, New York City, of counsel, Sidney A. Schwartz, New York City, of counsel, for defendant Quin Lumber Co., Inc.

SUGARMAN, District Judge.

On May 12, 1954, the S. S. Guadalupe was berthed at Pier 2, Hoboken, New Jersey. During preparations for the receipt of cargo, Francisco Romero, a member of the crew, was severely injured. Twelve days later he commenced suit in this court.

By amended complaint his action ultimately proceeded against four defendants, i. e., International Terminal Operating Co. (International), Compania Transatlantica, also known as Spanish Line (Compania), Garcia & Diaz, Inc. (Garcia), and Quin Lumber Co., Inc. (Quin). In due course, the case was sent to a jury part for trial. Prior to the commencement of the trial proper, the defendants orally moved for dismissal of the complaint upon the ground of lack of jurisdiction of the subject matter. Inasmuch as determination of these motions necessitated the resolution of facts, the court ordered a pretrial hearing on the motions.[1]

▆▆ The objection by the plaintiff to the course pursued, upon the ground that the defendants waived the defense by interposing general appearances is overruled.[2] The objection by the plaintiff to the course pursued upon the ground that he was entitled to a jury trial on the controverted facts is likewise overruled.[3]

The plaintiff's motion to strike all testimony and exhibits is denied.

At the hearing it was stipulated by all parties that (1) plaintiff is a subject of Spain; (2) defendant International is a Delaware corporation; (3) defendant Compania is a Spanish corporation; (4) defendant Garcia is a New York corporation; (5) defendant Quin is a New York corporation; (6) on May 12, 1954, plaintiff was employed as a member of the crew of and on board the S. S. Guadalupe; (7) the S. S. Guadalupe on May 12, 1954, was owned by the defendant Compania; (8) defendant Quin was an independent contractor under an oral contract with defendant Garcia for certain carpentry work necessary on the S. S. Guadalupe in preparation for the receipt of a cargo of grain; (9) defendant International was employed as stevedore to load the cargo pursuant to an oral contract with defendant Garcia; (10) the S. S. Guadalupe was registered under the Spanish flag; (11) the voyage, during which plaintiff was injured, commenced at Balboa, Spain, after which the vessel touched at other Spanish ports, came to the port of New York (Hoboken), went to Havana, Vera Cruz, back to Havana and returned to Hoboken, where it was when the accident happened.

The parties refused to stipulate as to the management, operation and control of the S. S. Guadalupe on May 12, 1954 and as to the contract of employment under which plaintiff was aboard the vessel on that day. Proof was taken on the two disputed issues.

### As to Management, Operation and Control of the S. S. Guadalupe on May 12, 1954.

The plaintiff's amended complaint alleges in Paragraph Fifth that defendant Compania operated, managed and controlled the vessel and in Paragraph Sixth that defendant Garcia operated, controlled and managed the vessel. On the basis of the deposition of defendant Garcia, through its treasurer, William Martinez, taken by plaintiff on June 10, 1954, and the contract between defendants Gar-

---

1. Fed.Rules Civ.Proc. rule 12(d), 28 U.S. C.A.

2. Fed.Rul · Civ.Proc. rule 12(h), 28 U.S. C.A.

3. 5 Moore's Fed.Prac., 2d Ed., rule 294, para. 38.36; 2 Moore's Fed.Prac., 2d Ed., 2274, para. 12.16.

cia and Compania, it is manifest that defendant Garcia was no more to the vessel than a husbanding agent acting in every respect for its principal, defendant Compania. It appears without contradiction that neither Garcia nor any stockholder thereof owns any stock in Compania, nor is any director of Garcia a director of Compania, nor does Garcia exercise any control over Compania. It further appears that the relationship between Garcia and Compania originated in 1935 when a partnership, the predecessor of Garcia, commenced representing Compania in this port. That partnership was succeeded by the present corporate defendant, Garcia, and pursuant to a contract made in 1948 between Garcia and Compania, the former has since that time husbanded the latter's vessels in this port. It further appears that defendant Garcia represents as many as ten other Spanish and Cuban ship owners in this port, none of whom is a subsidiary of defendant Compania. It further appears that defendant Garcia did not contribute financially to the purchase or construction of the S. S. Guadalupe. As such agent, defendant Garcia pays the pilot and docking charges and the charges for water and supplies for the vessels of defendant Compania, but all for the account of the defendant Compania. For this service defendant Garcia receives from the defendant Compania commissions, based upon the incoming and outgoing freight and passenger traffic. There was no proof adduced at the pretrial hearing of management, operation and control by Garcia except as it might arise by virtue of the agency agreement. Nor did plaintiff offer any proof of any negligent act by defendant Garcia within the scope of the agency, contributing to his injury.

### As to the Contract under Which the Plaintiff Was A Crew Member of the S. S. Guadalupe on May 12, 1954.

There was received in evidence an agreement executed on October 9, 1953, between plaintiff and defendant Compania. Within its four corners, that document clearly contemplates the plaintiff's employment by the said defendant for one round trip on the vessel to commence about October 10, 1953. It is agreed by all parties that no subsequent written contract was entered into between plaintiff and defendant ship owner. Nevertheless, at the completion of the round trip specifically identified in the written contract, plaintiff remained on board the vessel performing the same functions as deck hand for subsequent voyages, during one of which he met with his injury on May 12, 1954, at Hoboken, New Jersey, as aforesaid.

Testimony was taken from experts in Spanish law upon which the court finds that under the codes, laws and regulations of Spain, where a seaman sails on a given voyage pursuant to a written contract and subsequently thereafter uninterruptedly, as in this case, remains in the employ of the ship during subsequent voyages, the subsequent service is under all the terms and conditions set forth in the original written contract.

The written contract provided, among other things, that the parties thereto submitted themselves "to the provisions established by the Codes of Laws regulating Commerce and Labor as also all other regulations in force". It also provided "22) In the event of accidents occurring during the accomplishment of this Contract, these will be subject to the legislative provisions in force to this effect, as also all such will be complied with regarding social insurances as determined by the Laws".

The court also finds, on the basis of the testimony of the experts in Spanish law, that plaintiff has a right, by virtue of his injury, to a pension for life of somewhere between 35% and 55% of his seaman's wages which, if the negligence of the ship owner is established, may be increased by one half. It is also found that under the pertinent Spanish law, provision is made for plaintiff for the counterpart of maintenance and cure. It is also found that plaintiff's said

rights may be asserted by demand upon the Spanish Consul in this city.

On the basis of the foregoing stipulated and found facts we turn now to the question of jurisdiction in this court to entertain the action.

The amended complaint in four causes of action seeks (a) damages against the defendants Compania and Garcia under the Jones Act, 46 U.S.C.A. § 688, for negligence and under the general maritime law for unseaworthiness of the vessel; (b) damages against the defendant Compania for maintenance and cure; (c) damages against all four defendants under the general admiralty law for a maritime tort. A jury trial is demanded. The possible bases of jurisdiction are four: (1) the Jones Act; (2) a federal question; (3) diversity; (4) discretionary, under the general maritime law; the first three on the law side with a trial by jury, the fourth in admiralty with a trial to the court.

(1) Jurisdiction under the Jones Act.

■ It is settled in this circuit since The Paula [4] and as recently as Paduano v. Yamashita, etc.,[5] that

"Alien seamen serving upon foreign ships owned by aliens, and bound upon a voyage which begins and ends outside the United States, cannot sue under the Jones Act for injuries suffered while the ship happens to be stopping at a port of call within our territorial waters." [6]

Accordingly, the plaintiff's action against the defendant Compania under the Jones Act must be dismissed.

■ In the light of the finding above that the defendant Garcia was solely an agent for the husbanding of the S. S. Guadalupe, plaintiff's Jones Act claim against this defendant must also be dismissed.[7]

(2) Jurisdiction because of a federal question.

■ It is similarly established in this circuit [8] that the facts herein present no federal question.

(3) Jursdiction because of diversity.

■ Inasmuch as plaintiff and defendant Compania are both subjects of Spain, necessary diversity is lacking.[9]

(4) Discretionary jurisdiction in admiralty under the general maritime law.

■ In the light of the finding hereinabove that under Spanish law the plaintiff may have compensation for his injury with an additional amount if the defendant Compania is found to have been negligent and that plaintiff is also accorded under Spanish law the counterpart of maintenance and cure and that he may assert his claims to a Spanish Consul here, this court should and does decline jurisdiction even in admiralty as a matter of discretion.[10]

For the foregoing reasons, and plaintiff having elected at the pre-trial hearing not to amend his complaint and proceed upon diversity jurisdiction at law against defendants Garcia, International and Quin and having elected not to amend his complaint and proceed by libel in admiralty without a jury on general maritime jurisdiction against (a) all defendants if discretionary jurisdiction against defendant Compania is retained, or (b) if not, against defendants Garcia, International and Quin, the defendants' motions are granted and the complaint herein is dismissed.

It is so ordered.

4. 2 Cir., 91 F.2d 1001.

5. 2 Cir., 221 F.2d 615.

6. Gambera v. Bergoty, 2 Cir., 132 F.2d 414, 415, certiorari denied 319 U.S. 742, 63 S.Ct. 1030, 87 L.Ed. 1699.

7. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, at page 790, 69 S.Ct. 1317, 93 L.Ed. 1692.

8. Paduano v. Yamashita, etc., supra. See also Troupe v. Chicago, Duluth & Georgian Bay Transit Company, 2 Cir., 234 F.2d 253.

9. Tsitsinakis v. Simpson, Spence & Young, D.C.S.D.N.Y., 90 F.Supp. 578.

10. Nakken v. Fearnley & Egger, D.C.S.D. N.Y., 137 F.Supp. 288.