**Evangelos MPROUMERIOTIS, Plaintiff,**

v.

**SEACREST SHIPPING CO., Inc., and Shipping & Trading Holding, Inc., Defendants.**

United States District Court
S. D. New York.
March 8, 1957.

Maxwell M. Booxbaum, New York City, for plaintiff.

Frederick H. Cunningham, New York City, Victor S. Cichanowicz, New York City, of counsel, for Defendant Shipping & Trading Holding, Inc.

BICKS, District Judge.

Plaintiff, a non-resident Greek alien, brought this suit on the civil side of the

Court against Shipping & Trading Holding, Inc., a Panamanian corporation, as owner and operator of the S. S. Jonancy and Seacrest Shipping Co., Inc., a New York corporation as agent for defendant Shipping & Trading, an alleged undisclosed principal, to recover damages for injuries sustained in the course of his employment as a seaman on said ship and for maintenance and cure. The S. S. Jonancy carried the Liberian flag and the incident which occasioned the injuries complained of occurred while she was in the Port of Digby, Canada.

The action was dismissed on motion, as against the defendant Seacrest. A subsequent application to vacate the order of dismissal was denied. *Sub judice* is a motion by the defendant, Shipping & Trading, to dismiss the action.

■ In its present posture both parties to the suit are aliens. Under the circumstances, a requisite to found jurisdiction in this Court based on diversity of citizenship is lacking. See Kavourgias v. Nicholaou Co., Ltd., 9 Cir., 1945, 148 F.2d 96; Ex parte Edelstein, 2 Cir., 1929, 30 F.2d 636; Romero v. International Terminal Operating Co., D.C.S.D. N.Y.1956, 142 F.Supp. 570; Hart and Wechsler, the Federal Courts and the Federal System 898–899 (1953).

■ Plaintiff relies on the Jones Act, 46 U.S.C.A. § 688 as a further basis for jurisdiction. While he recognizes that the several factors which alone or in combination influence the choice of law to govern a maritime tort claim, and the weight and significance accorded them, are as set out in Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, i. e. (1) place of the wrongful act, (2) Law of the Flag, (3) allegiance or domicile of the injured, (4) allegiance of the defendant shipowner,

(5) place of contract, (6) inaccessibility of foreign forum, (7) the law of the forum, plaintiff argues that the following factors authorize application of the Jones Act in adjudicating the instant case. First—that plaintiff was unable to read the articles and was not aware of their content. This element is of no significance whatever since defendant does not rely on any provisions contained in the articles. Second—that plaintiff joined the ship and signed the articles in Pennsylvania. Signing of articles in an American port does not bring American law into the case. Lauritzen v. Larsen, supra; Sonnesen v. Panama Transport Co., 1948, 298 N.Y. 262, 82 N.E.2d 569. Neither is the place where plaintiff shipped or reshipped of any moment. See The Hanna Nielsen, 2 Cir., 1921, 273 F. 171, certiorari denied 257 U.S. 653, 42 S.Ct. 93, 66 L.Ed. 418. Third—allegiance of the shipowner, defendant Shipping & Trading Holding Co., Inc. should be deemed to be to the United States, because while it is a Panamanian corporation the majority of its capital stock is owned by citizens of the United States. Assuming the stock ownership by United States citizens as alleged, that is not in itself sufficient warrant to apply the Jones Act. Argyros v. Polar Compania De Navigacion, Ltda., D.C. S.D.N.Y.1956, 146 F.Supp. 624, 1957 A.M.C. 97. In Zielinski v. Empresa Hondurena de Vapores, D.C.S.D.N.Y.1953, 113 F.Supp. 93, cited by plaintiff, claimant was domiciled in the United States, a significant connecting factor [1] lacking in the case at bar.

The connecting factors significant in determining the applicable law in this case preponderate substantially against invoking the Jones Act.

Accordingly, defendant's motion to dismiss the action is granted.

[1]. 113 F.Supp. at pages 94, 95: "It thus appears that if effect is to be given to the Jones Act it must be because of the United States domicile of the plaintiff and the United States ownership of the stock of the shipowner."