Demostenes **AGRIO**, Plaintiff,

v.

**OCEANIC OPERATIONS CORP.**, Continental Shipping Corp., and Cali, Inc.,
Defendants.

United States District Court
S. D. New York.

Sept. 25, 1961.

---

Goldstein & Sterenfeld, New York City, for plaintiff.

Cichanowicz & Callan, New York City, for defendants.

LEVET, District Judge.

Defendants have moved to dismiss the complaint on the ground that the court lacks jurisdiction of the subject matter of this action, or, in the alternative, that it decline jurisdiction. The complaint is under the Jones Act, Title 46 U.S.C.A. § 688.

It appears by affidavit of defendants that:

1. The place of the wrongful act was at sea on a voyage between New York and Baranquilla, Columbia.

2. The law of the flag is the Republic of Panama.

3. The allegiance and domicile of the plaintiff is the Republic of Panama.

4. The allegiance of the defendant-shipowner is the Republic of Panama. The owner is said to be Cali, Inc., hereinafter "Cali," not Oceanic Operations Corp., hereinafter "Oceanic," or Continental Shipping Corp., hereinafter "Continental."

5. The place of the contract or engagement by the plaintiff was in Cristobal, Panama.

6. It also appears that there is an accessible forum, i. e., Republic of Panama, with adequate relief where the plaintiff may resort.

The plaintiff here claims that the non-statutory general maritime law of the United States is applicable hereto and that the civil and maritime law of the Republic of Panama are applicable hereto.

The contentions of the plaintiff, insofar as they appear in the affidavit of Harvey Goldstein, Esq., one of the attorneys for the plaintiff in this action, are as follows:

1. The attorney states that the plaintiff temporarily resides in New York between voyages.

2. Oceanic, a domestic corporation, has its offices in Manhattan, in the City of New York.

3. Goldstein states he "believes" that Oceanic is much more than a mere agency for the defendants Continental and Cali, and dominates and controls the movements of the vessel.

4. Goldstein "believes" that the M/S Cali is secretly owned and controlled by American interests.

5. The ship is engaged in carrying and did carry cargo to and from American ports.

Under the facts as submitted to me, it is my opinion that jurisdiction in this court to entertain plaintiff's Jones Act suit is without foundation. See Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254; Taylor v. Atlantic Maritime Co., D.C.S.D.N.Y., 1949, 86 F.Supp. 496, reversed, 2 Cir., 179 F.2d 597, modified, 2 Cir., 1950, 181 F.2d 84, 85, cert. denied, 1951, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1350; Rankin v. Atlantic Maritime Co., D.C.S.D.N.Y., 1953, 117 F.Supp. 253. See also Moutzouris v. National Shipping & Trading Co., D.C.S.D.N.Y., 1961, 194 F.Supp. 468. Thus, I hold that no jurisdiction of the subject matter is present.

As indicated in Lauritzen v. Larsen, supra, 345 U.S. at 587, 73 S.Ct. at 930, it may with truth be said here that even if the plaintiff from time to time temporarily resided in New York, "[H]is presence in New York was transitory and created no such national interest in, or duty toward, him as to justify intervention of the law of one state on the shipboard of another."

The fact that the ship voyaged between certain foreign ports and American ports, including New York, the forum state, is insufficient to confer Jones Act jurisdiction. Lauritzen v. Larsen, supra, at 590, 591, 73 S.Ct. 921. Moreover, the fact that defendants were served and accepted such service (p. 1, affidavit of Harvey Goldstein, dated August 18, 1961) does not give rise to jurisdiction over the subject matter. In Laur-

itzen v. Larsen, supra, at 590–591, 73 S. Ct. at 932, the court stated:

"It is urged that, since an American forum has perfected its jurisdiction over the parties * * * it should apply its own law to the controversy between them. * * * Under respondent's contention, all that is necessary to bring a foreign transaction between foreigners in foreign ports under American law is to be able to serve American process on the defendant. We have held it a denial of due process of law when a state of the Union attempts to draw into control of its law otherwise foreign controversies, on slight connections, because it is a forum state. [Citations omitted]."

The complaint framed under the Jones Act is a broadside against each of the three above-named defendants since it asserts in paragraphs Fourth through Ninth that each of the said defendants owned, operated, managed and controlled the M/S Cali. However, the plaintiff offers nothing but "beliefs" as to the defendant Oceanic's connection with the ship and nothing at all with respect to the connection thereto of the other two defendants.

When the allegations of jurisdictional facts are questioned, the plaintiff has the burden to demonstrate that the court has jurisdiction. In McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135, the court clearly stated:

" * * * They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. * * * "

This the plaintiff in the instant case has failed to do.

Also, this action lacks diversity, since the plaintiff as well as Cali, employer and owner and operator of the M/S Cali, are both citizens of the Republic of Panama. Hence, there is no jurisdiction as to parties.

Moreover, there is no sound reason under the above facts and circumstances to entertain jurisdiction in admiralty, and the court, in its discretion, declines jurisdiction.

In conclusion, there are situations where the ultimate question of jurisdiction is dependent upon the resolution of facts which cannot be determined merely by examining the respective affidavits of the parties. Such matters can be determined via depositions, interrogatories or possible hearings. However, in this case there are no issues of fact presented in the affidavits to compel this court to grant further consideration to this matter. The affidavit of plaintiff's attorney where he indicates that he "believes" certain facts to exist but that "it will take sometime" to obtain evidence certainly does not give rise to issues of fact. Furthermore, Rule 43(e) of the Federal Rules of Civil Procedure, 28 U. S.C.A. indicates the discretion of the

court to decide on affidavits alone the type of motion that we are considering here.

Consequently, defendant's motion to dismiss the complaint on the above grounds is granted.

So ordered.