Stein-Victor **TARASENKO**, Plaintiff,

v.

**CARDIGAN SHIPPING CO., LTD., Odd Godager & Co., Godager Management A/S, and Kurz Moran Shipping Agencies, Inc.,** Defendants.

**No. 85 Civ. 7784 (MP).**

United States District Court,
S.D. New York.

Oct. 22, 1987.

Rassner, Rassner & Olman, New York City by Alan C. Rassner, Donald Olman, for plaintiff.

Leonard Kenny & Stearns, New York City by Joseph T. Stearns, for defendants Cardigan Shipping Co., Ltd., Odd Godager & Co., and Godager Management A/S.

Proskauer Rose Goetz & Mendelsohn, New York City by Bernard M. Plum, for defendant Kurz Moran Shipping Agencies, Inc.

MEMORANDUM

MILTON POLLACK, Senior District Judge.

The defendants have renewed their motion dated February 10, 1986, to dismiss the complaint, pursuant to Fed.R.Civ.P. 12 and 56 on grounds of the Court's lack of subject matter jurisdiction and lack of personal jurisdiction over the moving defendants.

In the time intervening since the motion originally was made until this renewal of the motion, the parties have sought, unsuccessfully, to reach an amicable disposition of the claim. Accordingly, the defendants now press the motions to dismiss. For the reasons expressed hereafter, the motions will be granted.

Plaintiff had joined the M/V NORSE FALCON on December 5, 1984, under an employment contract made in Miami, Flor-ida, on or about December 5, 1984, to serve as First Assistant Engineer, by virtue of his Norwegian license. He sues here for injuries he sustained while aboard the vessel.

Norwegian law, which was imported into the contract of employment as applicable thereto, provides that disputes between the ship and a crew member must be resolved before a Norwegian forum; and that dispositions shall not be sought from "foreign authorities." The plaintiff contends that his claim of injury may nonetheless be administered in this Court under the Jones Act, while the defendants contend that in the circumstances of this case the Court lacks subject matter jurisdiction over the claims and lacks personal jurisdiction over the moving defendants.

*The Facts*

The suit is brought pursuant to Title 46 U.S.C. § 688 (the "Jones Act"), on the claim that the plaintiff, a Norwegian national, sustained personal injuries aboard M/V NORSE FALCON on January 23, 1985, while the vessel was off the coast of Spain *en route* to Algeciras, Spain, or a nearby port.

The M/V NORSE FALCON flies the Bahamian flag and is registered as a foreign tanker vessel in the Bahamas; its owner, the defendant Cardigan Shipping Co. Ltd., is a British company with offices in London, and is a wholly-owned subsidiary of a Norwegian corporation whose offices are in Oslo, Norway.

There is no claim of any tort occurring within the State of New York.

The vessel has called at the Port of New York between February 5-8, 1985, which was some time after the alleged accident, and plaintiff was discharged at that time from the vessel on account of his injuries.

The plaintiff, although a Norwegian national, was a resident of the United States, domiciled in Miami, Florida. He signed on before the Norwegian Consul to serve aboard the vessel. In his engagement contract he agreed that his obligations and rights were as prescribed by Norwegian law. He claimed those rights and has been paid until January 1986 through the Nor-

wegian Consulate in Chicago, Illinois, his benefits stemming from the Norwegian Social Security Sickness Benefit Fund. His employer paid a percentage of his gross wages into that fund.

The ship owner, Cardigan, has no general agent in New York, or in any American State, nor does it have an office in the United States.

The vessel has called at ports in New York between June 1981, and December 11, 1985, on six occasions, and during the same period has called at 22 U.S. ports other than New York, in the course of 138 port calls, in a total of 63 voyages. Only one other vessel owned by Cardigan has made a call at the Port of New York, and that occurred once, in 1983, in the three-year period from May 1982 to May 1985.

The plaintiff's engagement contract, which was expressly made subject to Norwegian law, required that his dispute herein with the owner was referable to the Norwegian Foreign Service Station, and provided that "the dispute shall not be brought before foreign authorities."

The nominal and beneficial owners of Cardigan, and its affiliates and subsidiaries, are all foreign nationals and residents. The defendant Kurz Moran Shipping Agencies, Inc. was made a defendant because it was husbanding agent for the vessel on the call at the Port of New York after plaintiff's injury, although plaintiff's attorney has agreed that any dismissal of Cardigan and its affiliated entity which managed the vessel (another Norwegian corporation) would result in dismissal of the suit against Kurz Moran, apparently added only for purposes of adding color to the claim of this Court's jurisdiction.

There is no United States agent for the Cardigan group, and the sole bank account maintained exists in New York for the purpose of paying minor accounts, such as became due as a result of calling at American ports.

As indicated above, the plaintiff has received substantial benefits under the Norwegian social benefits laws, and has been, in effect, paid workman's compensation disability benefits for a significant portion of the period of his alleged disability.

*Discussion*

There is insufficient basis for the application of the Jones Act to this case, since the vessel's ownership and operation, as well as the certification, residence, and base of operations of owners and its three corporations are all foreign.

Jones Act jurisdiction exists only where there are substantial contacts with the United States. *Moncada v. Lemuria Shipping Corp.*, 491 F.2d 470, 472 (2d Cir.), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974); *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437 (2d Cir.), *cert. denied*, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959).

The fact that the seaman's employment contract was signed in the United States and plaintiff's residence in the United States are insufficient reasons for subject matter jurisdiction. *Nunez-Lozano v. Rederi*, 634 F.2d 135 (5th Cir. Unit A 1980); *see also Agrio v. Oceanic Operations Corp.*, 204 F.Supp. 10 (S.D.N.Y.1961). That defendant had a checking account in New York also is insufficient to base subject matter jurisdiction. *Koupetoris v. Konkar Intrepid Corp.*, 535 F.2d 1392 (2d Cir.1976); *Dassigienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016 (2d Cir. 1971) (per curiam).

The existence of a clause in the employment agreement specifying Norwegian law to govern the rights and obligations of the plaintiff expresses the intent of the parties, for such a forum clause is generally binding. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

The points of law upon which the Court's jurisdiction depends is based on factors set out in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and *Hellenic Lines v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). These include: place of the wrongful act, law of the flag, allegiance or domicile of the injured, allegiance of the defendant shipowner, place of contract, inaccessibility of foreign forum, law of the forum and base of operations of shipowner. The plaintiff fails to satisfy the factors set forth in that

**1000**

case to furnish subject matter jurisdiction so as to make the Jones Act applicable to him.

In pursuance of an order made with the consent and approval of counsel for all parties, the defendants Cardigan Shipping Co., Ltd., Odd Godager & Co. and Godager Management A/S were given leave to move to dismiss the complaint on or before February 10, 1986, on the grounds of lack of personal and subject matter jurisdiction, and it was agreed that in the event of a dismissal the same shall inure to the benefit of the defendant Kurz Moran Shipping Agencies, Inc.

Accordingly, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is granted, and the complaint is dismissed as to all parties defendants herein.

So Ordered.